Andrew W. Metcalfe

v.

William Dickman.

*Trover—Absence of Demand.*

The fact being that the defendant in an action of trover was an innocent purchaser of the property involved, in good faith and for value. from one who had the physical possession of it with every *indicia* of actual ownership, proof of a demand and refusal is necessary, there being no proof of an actual conversion, in order to maintain the action.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of Madison County; the Hon. ALONZO S. WILDERMAN, Judge, presiding.

Mr. ANDREW W. METCALFE, *pro se.*

Mr. T. L. GAERTNER, for appellee.

SAMPLE, J. This suit was brought by appellant to recover from appellee the value of a plow which it is claimed was unlawfully converted. The action is trover. The facts are that appellant purchased a plow and gave it to his tenant to use, with the agreement that it was to remain the property of appellant until the tenant paid for the same. The tenant after using the plow for a time sold it to appellee under a claim of ownership, at a public sale, the sale being made by an auctioneer. The appellee had no information that appellant had any claim to the plow, nor were there any circumstances arising out of the sale to put him on inquiry. The appellee was undoubtedly a purchaser in good faith and for value. Some time after the purchase, appellant requested some neighbors of appellee to ask him to come in to Edwardsville and talk the matter over, and to inform him that appellant claimed to be and was the owner of the plow. The appellee received this information but did not go to see appellant. He stated, however, to one of his neighbors who had so informed him of appellant's claim, "I don't know whether it is his plow; I bought it; if he can prove it is his he ought to come after it." On trial in the Justice and Circuit Courts, judgments were rendered in favor of appellee. The points made by appellant are that there was no conditional sale by him to the tenant, of the plow; that no demand was necessary before the bringing of the suit, and that if one had been necessary it had been made. In this connection it is proper to state that one of the parties who spoke to appellee in regard to appellant's claim was his agent in taking care of the farm or house on it, but there is no proof that appellee knew this fact. The appellee rests his defense in the argument presented to this court on the fact as claimed, that no demand was made for the

property before the suit was begun, and as we regard that position to be sustained by the law and the evidence we will briefly consider it. The appellant does not claim that the evidence on the question of demand shows more than that the appellee was requested to come and see him, and that he was informed that appellant claimed to be the owner of the plow. Neither witness who testified to having talked with appellee informed him that they were acting as agents for appellant; in fact, as they both state, they did not so regard themselves. So far as disclosed by this evidence instead of such statements being a demand or in any degree partaking of that nature, they were but the recitals of what another man had said, and the reply of appellee before quoted was a very natural one to make. It is very clear that no demand was made, nor is there any evidence to show it would have been unavailing. Was such demand necessary before bringing this suit? As shown by the evidence the appellee was an innocent purchaser of the plow in good faith and for value from one who had the physical possession of it with every *indicia* of actual ownership. This being true appellee did not acquire the possession wrongfully, and there is no proof of an actual conversion of the property by appellee. Hayes v. Mass. L. Ins. Co., 125 Ill. 626. Judgment is affirmed.

*Judgment affirmed.*